**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE**

Civil Case No. 06-cv-01506-LTB-MEH

QFA ROYALTIES, LLC,
QUIZNOS FRANCHISING II, LLC, and
QIP HOLDER, LLC,

    Plaintiffs,

v.

JEHAD MAJED, and
ALI MAJED,

    Defendants.

_____

**Order**
_____

Plaintiffs QFA Royalties, LLC, Quiznos Franchising II, LLC and QIP Holder, LLC (collectively "Quiznos") brought breach of contract claims, tort claims and claims for violation of the Colorado Consumer Protection Act against defendants Jehad Majed and Ali Majed ("the Majeds") in Colorado state court. The Majeds have removed this case to the United States District Court for the District of Colorado. Quiznos now moves to remand the case to Colorado State Court. The Majeds move to dismiss the case or to transfer venue to the United States Court for the Eastern District of Michigan. For the reasons stated below, Quiznos' motion to remand is DENIED and the Majeds' motion to dismiss or transfer is DENIED.

**I.  BACKGROUND**

Quiznos is a franchisor of restaurants selling submarine sandwiches. It is a Delaware Limited Liability Company with its principle place of business in Colorado. The Majeds are

Michigan residents who entered into a Franchise Agreement to operate a Quiznos restaurant in Metro Detroit Michigan on August 29, 2003. Jehad Majed is also the vice-president of the Toasted Subs Franchisee Association ("TSFA"), a Delaware corporation.

This dispute stems from statements that the Majeds allegedly placed on the TSFA website. According to Quiznos, these statements are defamatory against Quiznos, reveal confidential and proprietary information, misuse the Quiznos trademark and interfere with Quiznos ongoing business activities. On June 29, 2006 Quiznos filed claims in the District Court, City and County of Denver, State of Colorado, against the Majeds for breach of contract, and against Jehad Majed for defamation, intentional interference with contractual relations, tortious interference with prospective business relations, product/business disparagement, and violation of the Colorado Consumer Protection Act, Col. Rev. Stat. § 6-1-101, *et. seq.*

On August 2, 2006, the Majeds filed a Notice of Removal of this action to the United States District Court for the District of Colorado, pursuant to 28 U.S.C. § 1441, contending that the parties have complete diversity and the amount in controversy exceeds $75,000. Quiznos does not dispute that this case meets the statutory prerequisites of removal for a diversity action.

On August 31, 2006, Quiznos filed a motion to remand this case back to the Colorado District Court. On October 4, 2006 the Majeds filed a motion to dismiss or in the alternative to transfer venue.

## II. DISCUSSION

Quiznos requests that I first address the motion to remand. Since the motion to remand potentially moots the motion to dismiss, I will address the motions in that order.

A.	Motion to Remand

Quiznos moves to remand this case to the Denver District Court under 28 U.S.C. § 1447(c). Quiznos argues that the Franchise Agreement contains a forum selection clause and a waiver of rights which, taken together, waive the Majeds' right to remove. The relevant provision of the Franchise Agreement states, in relevant part:

> "Franchisee and Franchisor have negotiated regarding a forum in which to resolve any disputes arising between them and have agreed to select a forum in order to promote stability in their relationship. Therefore, if a claim is asserted in any legal proceeding involving Franchisee or any Bound Party and Franchisor, the parties agree that the exclusive venue for disputes between them shall be in the District Court for the City & County of Denver, Colorado, or the United States District Court for the District of Colorado, and each party waives any objection it might have to the personal jurisdiction of or venue in such courts."

Franchise Agreement, § 21.1.

Quiznos contends that once it files in Colorado state court, this provision prohibits the Majeds from filing for removal. The Majeds argue that since the Franchise Agreement allows suits in Colorado state or federal court, the waiver means only that they are limited to defending against Quiznos' claims in one of these two specified forums, not that they are prohibited from removing from the Colorado state forum to the Colorado federal forum.    While a plaintiff who meets the statutory requirements of 28 U.S.C. § 1441 generally has an "absolute" right to removal, *Regis Associates v. Rank Hotels (Management) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990), a plaintiff may waive his removal rights if the waiver is "clear and unequivocal." *Milk 'N' More, Inc., v. Beavert,* 963 F.2d 1342, 1346 (10th Cir. 1992).  The plain language of the Franchise Agreement, analyzed as a whole, is not a clear and unequivocal waiver. The waiver language states that the parties waive their objections to the personal jurisdiction or venue in "such courts," referring to the Denver District Court <u>or</u> the United States District Court in Colorado. Since the

3

language here is in the plural, I read it to mean that the parties waive their rights to litigate outside of the "courts" designated in the agreement. It does not mean that they have waived their right to remove from one court to another.

Significantly, this Franchise Agreement does not contain the typical indicia of a waiver of removal rights: an explicit waiver of rights, language granting one party the right to choose the forum for litigation or the establishment of one exclusive forum for litigation. *See City of New Orleans v. Municipal Administrative Services,* 376 F.3d 501, 504 (5th Cir. 2004). The Franchise Agreement does not contain an explicit waiver of removal rights, the Majeds are not trying to litigate outside of the exclusive forums designated in the Franchise Agreement, and the Franchise Agreement contains no language suggesting that either party has the unfettered right to select the forum of litigation.

At most, the language here could mean either that the Majeds may or may not remand. "Terms used in a contract are ambiguous when they are susceptible to more than one reasonable interpretation." *Roberts v. Adams,* 47 P.3d 690, 696 (Colo. Ct. App. 2001). "If the terms of a contract are ambiguous, they must be strictly construed against the party drafting the contract." *Colorado Interstate Gas Co., Inc. v. Chemco, Inc.,* 833 P.2d 786, 789 (Colo. Ct. App. 1991). Here, the Majeds allege, and Quiznos does not dispute, that this contract was drafted by Quiznos. Accordingly, to the extent the meaning of the waiver is ambiguous, I must interpret it against Quiznos. Moreover, the very presence of ambiguity shows that the waiver is not clear and unequivocal and so cannot be a valid waiver. *City of New Orleans,* 376 F.3d at 505-506.

I question whether the waiver language here bars removal for an additional reason. The language here specifically waives the parties' rights to challenge personal jurisdiction and venue.

But removal actions relate to subject matter jurisdiction. *See Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68-69 (1996) (discussing diversity requirements of removal statute as question of subject matter jurisdiction); 28 U.S.C. § 1447(c) (characterizing a basis for a remand of a removal action as the lack of subject matter jurisdiction); *Dalrymple v. Grand River Dam Authority,* 145 F.3d 1180, 1185 (10th Cir. 1998) (describing an inquiry into removal under 28 U.S.C. § 1441(b) as an "inquiry into subject matter jurisdiction.") The Majeds do not challenge the personal jurisdiction of the Denver District Court. They also do not (in this motion) challenge venue in Denver, since they have removed the case from one Court located in Denver, Colorado to another Court located in the District of Colorado. Rather, they are asserting their right to a federal forum based on the subject matter jurisdiction of this case. Since the language does not address subject matter jurisdiction, it cannot waive the Majeds' rights to the subject matter jurisdiction of the federal court in the District of Colorado.

     Quiznos relies on several cases in other circuits to show that this waiver language is an unambiguous waiver of the right to removal. All of these cases are distinguishable.  In *iNet Directories, LLC v. Developershed, Inc.,* 394 F.3d 1081 (8th Cir. 2005), the contract waiver specifically addressed subject matter jurisdiction, while the language here does not. *iNet*, a one page opinion providing little analysis, relied on *Waters v. Browning-Ferris Industries, Inc.,* 252 F.3d 796 (5th Cir. 2001), also cited by Quiznos. In *Waters,* the Fifth Circuit relied on the principle that a party may waive its right to remove when "the contract makes clear that the other party to the contract has the right to choose the forum in which any dispute will be heard." *Id.* at 797. Since the contract language in *Waters* specifically waived the right of <u>the defendant company </u>to challenge the choice of fora, it implicitly granted <u>the plaintiff </u>the right to designate the forum

5

"where his suit could be filed and heard." *Id.* at 798. The Franchise Agreement here, unlike the contract in *Waters,* does not grant forum selection rights to Quiznos, but rather allows either party to select the state or the federal forum.

Similarly, in *Snapper, Inc. v. Redan,* 171 F.3d 1249, 1260 (11th Cir. 1999), the contract stated that legal actions under the contract will be brought in the state or federal courts of Georgia, "as the Creditor (plaintiff) may elect," and also contained a waiver stating that the parties "expressly waive(ing) whatever rights may correspond to it by reason of its present or future domicile." This language specifically grants the plaintiff the choice of forum, and waives rights based on domicile, which are specifically implicated in a removal action based on diversity. Again, no such language is present in the contract here.

While Quiznos asserts that the difference between contract language conferring the right of forum selection on only one party, as in *Snapper* and *Waters,* and language conferring that right on both parties, as in the Franchise Agreement, is irrelevant, the plain language of these decisions shows that the Courts did rely, at least in part, on this distinction. In both cases, the courts found that the unilateral language was indicative of one party negotiating for itself forum selection rights. In a case of bilateral rights to select a forum there is no basis within the four corners of the contract to discern that either party negotiated the right to select one forum or the other. Quiznos would have me interpret bi-lateral forum selection language to mean, in essence, that whoever files first gets to pick the forum and deny the other party the right to remove. But neither the plain language of the Franchise Agreement nor the cases on which Quiznos relies support this argument.

For all of these reasons, I find and conclude that the language in the Franchise Agreement

does not constitute a clear and unequivocal waiver of the right to removal, and Quiznos' motion to remand is denied. Quiznos also seeks attorney fees, costs and expenses under 28 U.S.C. § 1447(c). Since I deny Quiznos' motion to remand I need not reach this issue. However, I note that fees are awarded under § 1447(c) only when the "removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 126 S.Ct. 704, 711 (2005). Since the Majeds had at the very least a reasonable basis for seeking removal, I would deny Quiznos' claim for attorney fees even if I granted its motion to remand.

B.    <u>Motion to Dismiss or in the Alternative to Transfer</u>

The Majeds move to dismiss this case or in the alternative to transfer venue to the Eastern District of Michigan, pursuant to 28 U.S.C. § 1406(a), which states in relevant part:

> "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The Majeds argue that venue is improper in Colorado because the Michigan Franchisee Investment Law ("MFIL"), M.C.L.A. § 445.1527(f), renders "void and unenforceable" a franchise provision "requiring that arbitration or litigation be conducted outside this state (Michigan)." The Majeds contend that the MFIL presents a conflict between the laws of Colorado and the laws of Michigan. Because this case was filed in Colorado, Colorado choice of law rules must apply. *Hoiles v. Alioto,* 461 F.3d 1224, 1230 (10th Cir. 2006). Colorado uses the "most significant relationship" test to resolve conflict of law issues in contract cases. *Id.* The Majeds apply the relevant multi-factor test, and conclude that I should apply Michigan law, enforce the MFIL and dismiss or transfer this case.

I find this argument unpersuasive for several reasons. First, the Majeds assume, without citing authority, that I apply state law in construing a forum selection clause. I addressed the question of what law governs a forum selection clause in a motion to dismiss for improper venue in *ADT Security Services, Inc., v. Apex Alarm LLC,* 430 F. Supp.2d 1199 (D.Colo. 2006). In *ADT*, I noted that the Tenth Circuit had not addressed this issue, and that the other Circuits are divided as to whether enforcement of forum selection clauses is procedural, and governed by federal law, or substantive, and governed by state law, under the doctrine established in *Erie RR. v. Tompkins,* 304 U.S. 64 (1938). *Id.* at 1202. I relied significantly on the Supreme Court decision of *Stewart Organization v. Ricoh Corp.,* 487 U.S. 22 (1988), which held that "A district court sitting in diversity must apply a federal statute that controls the issue before the court," and accordingly federal law governs the interpretation of a forum selection clause brought in a motion to transfer venue under 28 U.S.C. § 1404(a). *Id.* at 27. *ADT* considered the same issue in a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3), and reached a parallel conclusion: "Where Congress has authored a statute or authorized a Rule on point, federal law controls." *ADT,* 430 F. Supp. at 1204. Both of these cases considered what law governs a forum selection clause in a situation where state law disfavored such clauses. Both cases concluded that federal law, not state law, applied. I see no reason to reach a different conclusion here.

The appropriate federal law standard is that forum selection clauses are *"prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Milk 'N' More, Inc. v. Beavert,* 963 F.2d 1342, 1346 (10th Cir. 1992). Here, the Majeds' sole argument is that venue in Colorado is unreasonable because it violates Michigan public policy, as expressed through the MFIL. The Majeds do not

8

argue or present evidence that litigating this case in Colorado would be unfair or prejudicial to them, or that they cannot get a fair trial in Colorado. I conclude that the Majeds have not shown that application of the forum selection clause is unreasonable, and so they have not overcome the presumption in favor of enforcement.

Moreover, even if I did follow the Majeds' logic and apply Michigan law to void the forum selection clause, I would still deny their motion. In this case, the forum selection clause designates the same venue as the venue where Quiznos filed. So to defeat Colorado venue, the Majeds must invalidate the forum selection clause <u>and</u> any other basis for venue Quiznos claims. Quiznos asserted in its state court complaint two alternative grounds for proper venue: the forum selection clause and satisfying the requirements of Col. R. Civ. P. 98(c). (Compl. ¶ 5). The Majeds's answer denies Quiznos' assertions about venue only regarding the forum selection clause, not the requirements of the Colorado Rules of Civil Procedure. (Answer, ¶ 5). Similarly, the Majeds claim improper venue as an affirmative defense, but only in relation to the forum selection clause. (Answer, Page 10; Affirmative Defenses, ¶ 2). The Majeds' motion states explicitly that their sole basis for claiming improper venue is that Michigan law voids the forum selection clause. Nowhere in any of their filings do they contest Quiznos' claims for venue or assert that venue is improper under the Colorado Rules of Civil Procedure or the federal venue statutes. Conversely, Quiznos contends that since "a substantial part of the events" in this dispute occurred in Colorado, their claim satisfies 28 U.S.C. § 1391(b)(2). The Majeds do not address this assertion, and so do not overcome Quiznos' claim to Colorado venue.

In short, to successfully challenge venue in Colorado the Majeds must overcome both the forum selection clause and Quiznos' claims to the statutory venue requirements. The Majeds have

9

done neither, so their challenge to venue fails.

The Majeds also allege that the contract venue provision is void as contrary to public policy. Citing *Huizar v. Allstate Insurance Company,* 952 P.2d 342 (1998), the Majeds argue that the forum selection provision conflicts with the right of access to the courts of Michigan prescribed by the Michigan legislature, as expressed through MFIL. This argument fails for two basic reasons. First, neither *Huizar* nor any other case of which I am aware allows a Colorado court to strike a contract as contrary to another state's public policy. *Huizar* itself relies upon Colorado statutes, Colorado case law and the Colorado constitution to find a public policy basis for voiding a contract provision. *Id.* at 345. Second, even if the forum selection clause is void, this argument once again does not address Quiznos' alternative basis for venue in Colorado. For both of these reasons, the Majeds' public policy argument fails.

It is so Ordered that,

1) Quiznos' motion to remand (Docket # 12) is DENIED, and

2) The Majeds' Motion to Dismiss, or in the Alternative to Transfer (Docket # 19) is DENIED.

**DONE and ORDERED,** this ___1st___ day of December, 2006 at Denver, Colorado.

                                           s/Lewis T. Babcock
                                           United States District Chief Judge